In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00056-CR


______________________________




DELVIN JAVAE GULLATTE, a/k/a DELVIN JAVAE WATSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 18375




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Delvin Javae Gullatte, also know as Delvin Javae Watson, was convicted in a single trial of
the offenses of burglary of a habitation, aggravated robbery (3 separate indictments), and felony
grade deadly conduct. This appeal concerns only his conviction for aggravated robbery under trial
cause number 18375. The causes have been appealed separately and have been briefed together. 

 Since the briefs and arguments raised therein are identical in each appeal, for the reasons
stated in Gullatte v. State, No. 06-02-00055-CR, we likewise resolve the issues in this appeal in
favor of the State.

 The judgment of the trial court is affirmed.


 Josh R. Morriss, III

 Chief Justice




Date Submitted: December 23, 2002

Date Decided: December 31, 2002


Do Not Publish



 gte mso 9]>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00097-CR

                                                ______________________________

 

 

                                    JAMES EARL LEMONS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 25950

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Darryl
Coxs wife, Karen, had been engaged in a clandestine extramarital affair with
James Earl Lemons for over a year. 
Darryl was awakened one night by the vicious barking of the family dog,
so, carrying a flashlight and his pistol, he went to investigate the cause of
the dogs excitement.  Darryl claimed
that he saw Lemons and instructed him to get on the ground and wait while Karen
summoned the police by telephone.  Darryl
testified that rather than complying with his demand, Lemons shot him; Darryl
returned fire, shooting Lemons as he retreated. 


            Lemons
took the stand to deny Darryls claim.  He
claimed that at the time of the shooting, he was at his mothers house, not at
Darryls.  He testified that Karen had
called him on the telephone after the incident, asked if he was okay, and said,
Darryls been shot and he says he shot you. 
Lemons denied any knowledge of the incident, but passed along the
information during trial that Karen had yet another boyfriend named James
Rodriguez.

            Despite
his protestations of innocence, Lemons was convicted by a jury of aggravated
assault with a deadly weapon and was sentenced to seventeen years
imprisonment.  He argues that he received
ineffective assistance of counsel in this battle of credibility between himself
and Darryl.  Because Lemons counsel
introduced inadmissible prior felony convictions during Lemons direct
examination, we agree with Lemons. 
Because of that ineffective assistance of counsel, we find it necessary
to reverse the conviction and remand to the trial court. 

I.          Standard
of Review 

            We
begin our analysis by noting the rule that any allegation of ineffectiveness of
counsel must be firmly founded in the record.  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Wallace v.
State, 75 S.W.3d
576, 589 (Tex. App.Texarkana 2002), affd, 106 S.W.3d 103 (Tex. Crim. App. 2003).  From the record received by this Court, Lemons
bears the burden of proving that counsel was ineffective by a preponderance of
the evidence.  Goodspeed, 187 S.W.3d at 392; Thompson, 9 S.W.3d at 813; Cannon
v. State, 668 S.W.2d
401, 403 (Tex. Crim. App. 1984).  We find
Lemons has met this burden. 

            We apply the two-pronged Strickland test
handed down by the United States Supreme Court to determine whether Lemons
received ineffective assistance of counsel.  Strickland v. Washington, 466 U.S. 668 (1984).  Failure to satisfy either prong of the Strickland test
is fatal.  Ex parte Martinez, 195 S.W.3d 713, 730 n.14 (Tex.
Crim. App. 2006).  Thus, we need not
examine both Strickland prongs if either one cannot be met.  Strickland, 466 U.S. at 697.

            First,
it is Lemons burden to show that his counsels performance fell below an
objective standard of reasonableness in light of prevailing professional norms.
 Id. at 68788.  Lemons must overcome a strong presumption that
his counsels conduct fell within the wide range of reasonable professional
assistance and that the challenged action could be considered sound trial
strategy.  Id. at 689; Ex
parte White, 160
S.W.3d 46, 51 (Tex. Crim. App. 2004); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000).  Therefore, we will not
second-guess the strategy of Lemons counsel at trial through hindsight.  Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v.
State, 161 S.W.3d 142,
152 (Tex. App.Texarkana 2005, pet. refd).



            The
second Strickland prejudice prong requires a showing that but
for counsels unprofessional error, there is a reasonable probability that the
result or outcome of the proceeding would have been different.  Strickland, 466 U.S. at 68788.

II.        Lemons Received
Ineffective Assistance of Counsel  

            Rule
609(b) of the Texas Rules of Evidence states that evidence of a prior felony
conviction or conviction of a crime of moral turpitude may not be used for the purpose
of attacking the credibility of a witness

if
a period of more than ten years has elapsed since the date of the conviction or
of the release of the witness from the confinement imposed for that conviction,
whichever is the later date, unless the court determines, in the interests of
justice, that the probative value of the conviction supported by specific facts
and circumstances substantially outweighs its prejudicial effect. 

 

Tex. R. Evid. 609(b).  During pretrial hearings (where the trial
court granted Lemons motion in limine with regard to all extraneous crime or
misconduct evidence not alleged in the information[1])
Lemons counsel acknowledged his awareness that Lemons had not been convicted
of any felony . . . in over 20 years. 
Nevertheless, he elicited testimony during the guilt/innocence phase of
the trial that Lemons had previously committed the following felonies:  delivery of a controlled substance; theft of
property, $200.00 or more but less than $10,000.00; and burglary of a building,
all sentenced on December 3, 1981. 
Lemons received concurrent seven-year sentences of incarceration for
these offenses, starting from October 5, 1981. 
The State gave counsel notice that it planned to use these prior
convictionsnot during the guilt/innocence stage of the trialbut for the
purpose of using them to enhance the punishment range.  It was not until after such testimony was
elicited from Lemons that the State introduced the judgments of conviction for
each crime without objection from Lemons counsel.  

            Eliciting
testimony from the defendant as to his own prior convictions during the first
phase of a trial can be a matter of sound trial strategy if the prior
convictions are admissible.  Martin v.
State, 265 S.W.3d 435, 443 (Tex. App.Houston [1st Dist.] 2007, no pet.).  However, if prior convictions are
inadmissible,[2]
there can be no reasonable trial strategy one can imagine for having introduced
them before the jury.  Robertson v.
State, 187 S.W.3d 475, 48586 (Tex. Crim. App. 2006); Martin, 265
S.W.3d at 443; Rodriguez v. State, 129 S.W.3d 551, 55859 (Tex. App.Houston
[1st Dist.] 2003, pet. refd) (If the remote convictions were inadmissible
under Rule 609(b), then appellants trial counsel could have had no reasonable
trial strategy for failing to object to the admission of these convictions . .
. .); Stone v. State, 17 S.W.3d 348,
352 (Tex. App.Corpus Christi 2000, pet. refd) (Where prior conviction was
too remote to be used to impeach defendants credibility, nothing trial counsel
could say would make this court believe that it was sound trial strategy to
offer the prior conviction under the circumstances here.).[3]

            Here,
because the record does not indicate that the State sought to introduce Lemons
prior convictions during the guilt/innocence phase of the trial (and would have
been prohibited from doing so upon proper objection), we see no possible
benefit to have been gained by Lemons counsel fronting this issue to the
jury at this stage of the trial.  

            The
only testimony that Lemons shot Darryl arose solely from Darryl himself.  There were no other witnesses.  Therefore, this case involved a swearing
match between Darryl and Lemons, and the facts of the case made the credibility
of each a central issue.  During
cross-examination, Darryl admitted that he had initially identified James Downs
as a perpetrator, but then turned his attention to Lemons after Downs was ruled
out as a suspect.  Officer Jeff Haines
testified that Darryl was adamant about his identification of Downs as the
perpetrator, and that in an incident prior to the shooting, Darryl had
previously reported to police that Downs was a suspicious person.  Later, Darryl identified Lemons in a
photographic lineup.  This initial
erroneous identification of another person as the perpetrator would almost
certainly have cast some doubt on Darryls credibility in later identifying
Lemons.  Based on the facts in this case,
we find that there is a reasonable probability[4] that
but for counsels deficient performance, the result of the trial would have
been different.  See Stone, 17 S.W.3d at 353.  We find that Lemons has met the first Strickland prong to demonstrate counsels
performance fell below an objective standard of reasonableness in light of
prevailing professional norms.  

III.       Conclusion 

            We reverse the
judgment and remand to the trial court for proceedings consistent with this
opinion. 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February
14, 2011

Date Decided:             February
16, 2011

 

Do Not Publish

 











[1]No
prior felonies were listed in the States indictment.  





[2]The
State argues the prior convictions could have been introduced under Rule 404(b)
of the Texas Rules of Evidence, which states: 

 

Evidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.  It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, provided that upon
timely request by the accused in a criminal case, reasonable notice is given in
advance of trial of intent to introduce in the States case-in-chief such evidence
other than that arising in the same transaction.  

 

Tex.
R. Evid. 404(b).  The State gave
no such notice, and the States brief does not elaborate as to how the prior
1981 possession, theft, and burglary convictions would meet the requirements
for admissibility for another purpose. 






[3]The
State claims Ellis is similar to this
case.  Ellis was a passenger in a vehicle
driven by Davis.  Ex parte Ellis, 233 S.W.3d 324, 325 (Tex. Crim. App. 2007).  Officers pulled Davis over and located
cocaine.  Id. at 326.  Defense counsel
introduced an inadmissible police report for the purpose of demonstrating that
Davis had a prior drug conviction, while Ellis did not, and to impeach Davis
credibility.  Id. at 326, 329.  Id.  A full record as to counsels reasoning in
employing the police report was developed.  The State used the report, which stated,
Ellis advised me that he was on parole for a robbery, but a criminal history
check from dispatch showed only a murder charge.  Id. at
326.  In that case, while risky and undesirable, the
Texas Court of Criminal Appeals could not say no reasonable trial attorney
would pursue the strategy employed by defense counsel in allowing admission of
the hearsay police report.  Id. at 331.  While the report in Ellis was used to impeach the credibility of the accomplice, in
this case, no such purpose could be served by introducing otherwise
inadmissible prior convictions.  We also
note Ellis did not address Rule
609.  





[4]A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Ellis, 233 S.W.3d at 33031.