George Robert BLOTT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 58003 to 58006.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 3, 1979.

Rehearing En Banc Denied Nov. 7, 1979.

Samuel H. Bayless, Sol Casseb, III, San Antonio, for appellant.

Joe Grady Tuck, Dist. Atty. and Jack R. Collins, Asst. Dist. Atty., Kerrville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from one conviction for aggravated assault and three convictions for injury to a child. The cases were consolidated for trial and the jury found the appellant guilty of each offense; punishment was assessed by the court in each case at nine years' confinement, to run concurrently.

Besides challenging the sufficiency of the evidence in each case, the appellant contends that the court's instructions to the jury applying the law to the facts in the three injury to child cases were fundamentally erroneous and that these fundamentally erroneous charges "tainted" the court's instructions applying the law to the facts in the aggravated assault case. In a related ground of error, the appellant also contends that the trial court erred by granting him a new trial in the three injury to child cases because the court was without jurisdiction to do so. The appellant additionally complains that he was substantially prejudiced by having a judge other than the trial judge rule upon his motion for reduction of sentence and renewed application for probation; he further complains of the prosecutor's argument at the guilt-innocence phase of the trial, the admission of certain photographs, and the ineffectiveness of trial counsel. We affirm.

The State presented evidence that the appellant was driving south in the northbound lane [1] of Interstate Highway 10 near Boerne when he collided with a car driven by Mary Ann Warzecha and occupied by her and her three children. As a result of the collision, the appellant and the complainant suffered serious bodily injury as that term is defined by our Penal Code. See V.T.C.A., Penal Code, Section 1.07(34). The State also introduced evidence of the appellant's prior conviction for the felony offense of driving while intoxicated and evidence that those who assisted the appellant at the time of the accident smelled the strong odor of alcohol about the appellant's person. The indictment for aggravated assault and those for injury to a child each alleged that the appellant acted "recklessly." In its charge to the jury, the court gave separate written instructions in each case applying the law to the facts. In the three injury to child cases, the court authorized the jury to convict the appellant if it found that he

1. We note that IH–10 runs generally in an east-west direction but the evidence adduced at trial indicates that as to all points involved here the highway runs generally north-south.

"intentionally or knowingly, *or with criminal negligence* (emphasis supplied), engage[d] in conduct that caused serious bodily injury to" each of the three children. Thus, the court, in its instructions to the jury in the injury to child cases, enlarged upon the allegations of the indictment and authorized conviction upon proof different from and less than that required to prove the allegations in those indictments. This was fundamental error. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979).

By an order entered March 7, 1978, the court recognized that its instructions to the jury with respect to the injury to child cases were fundamentally erroneous and granted a new trial in each of those cases. By another order entered March 9, 1978, the trial court approved the record and directed the clerk to transmit "the record and briefs in this cause to the Court of Criminal Appeals."

■ Initially, the appellant complains that the trial court was without jurisdiction to grant new trials in each of the injury to child cases. We disagree. Article 40.09(9), V.A.C.C.P., provides, in pertinent part, that

"Within 30 days after approval of the record by the court, the defendant shall file with the clerk of the trial court his appellate brief . . . ."

Article 40.09(10) provides that the State's brief shall be filed with the clerk of the trial court 30 days after the appellant's brief has been filed. At that time "[i]t shall be the duty of the trial court to decide from the briefs and oral arguments, if any, whether the defendant should be granted a new trial . . . . This duty shall be performed within the period of 30 days immediately after the State's brief is filed . . . ." or within the period of 30 days after the last day on which the State's brief could be timely filed. In the present case, both parties filed their appellate briefs prematurely, that is, prior to the approval of the record by the trial court. (We note that the "original brief for appellant" was filed in the trial court on November 29, 1977, and that the State's brief was filed January 30, 1978, some 38 days prior to the trial court's approval of the record.)

The trial court in the present case had jurisdiction to grant the appellant a new trial in each of the injury to child cases because, as we have held in the past, the trial court retains control over the case until the record reaches this Court. *Yates v. State,* 557 S.W.2d 115 (Tex.Cr.App.1977). Accordingly, we hold that this Court is without jurisdiction to consider the appeals in the three cases of injury to a child.

■ The appellant argues that the court's fundamentally erroneous charge in the injury to child cases "tainted" the court's instruction to the jury in the aggravated assault case which, we observe, properly conformed to the allegations of the indictment. Without conceding that we fully understand the appellant's argument in this respect, we cannot perceive how an otherwise proper instruction to the jury in the aggravated assault case could be tainted by the fundamentally erroneous instructions given to the jury in the remaining three cases of injury to a child. We find no merit in the appellant's argument that the charge as a whole permitted the prosecutor to argue that the appellant should be found guilty in each case if the jury found that the appellant acted with criminal negligence alone. We hold that this improper argument, unobjected to at trial, was not so inherently prejudicial as to deprive the appellant of a fair and impartial trial in light of the trial court's affirmative instruction to the jury in the aggravated assault case to convict the appellant if it found that he committed the offense "recklessly." The appellant's first contention is overruled, as is his assignment of error relating to the prosecutor's statements in closing argument. The appellant did not object at trial and no error was preserved.

The appellant next contends that he was substantially prejudiced by having a judge other than the trial judge hear his "motion for reduction of sentence." The appellant was formally sentenced on June 17, 1976 by Judge Charles Sherrill, the case having been tried before Judge Magus Smith.

On May 13, 1977 a post-trial hearing was held on appellant's motion for reduction, amendment and correction of sentence, and renewed application for probation. This matter was heard before Robert R. Barton, the duly elected judge of the 216th Judicial District, who denied relief. Appellant's counsel contends that he was prejudiced by the denial of his request to have the matter heard before Judge Sherrill.

■ That one district judge may sit in place of another is beyond dispute. V.A. T.S., Article 1916. Such a substitution is reviewable only upon a showing of an abuse of discretion. *Hogan v. State,* 529 S.W.2d 515, 517 (Tex.Cr.App.1975). The record reflects that, in fact, Judge Sherrill had ruled adversely to appellant on the very same motions at the sentencing hearing of June 17, 1976. Furthermore, Judge Barton was presiding in a matter properly before the court to which he had been elected. No abuse of discretion is shown and no prejudice to the appellant appears. This ground of error is overruled.

■ Appellant next contends that there was insufficient evidence to support his conviction for aggravated assault.

Hubert Hohmann testified that, shortly prior to the collision, he saw the appellant driving northbound on Interstate Highway 10 at "a very rapid speed" and in an erratic and dangerous fashion. After appellant's car passed the witness, the witness observed it run off the traveled portion of the highway and spin onto the grass median. The witness stopped to offer assistance but appellant waved him off. Appellant was then observed driving back in the direction from which he had come, for a short distance, before turning and continuing in a northbound direction. Hohmann was so impressed by what he characterized as the appellant's reckless driving that he left the interstate highway and drove through the town of Boerne seeking "a lawman of some sort" to "get him off the road."

Britt Messmann testified that, at about 8:10 p. m. of the evening of June 3, 1975, he was proceeding south on Interstate Highway 10, approaching the city limits of Boerne, when he saw the appellant's car also southbound but in the northbound speed lane of Interstate Highway 10. His testimony was to the effect that he, Messmann, was driving at "about 70 miles per hour," but that the appellant's car was traveling even faster because it appeared to be "pulling away" from him. The witness testified that he saw appellant's car hit the complainant's car head-on, some ten or fifteen seconds after he first observed appellant's car driving southbound in the northbound lane. It was agreed by all witnesses that at the time the collision occurred visibility was excellent; that, in fact, it occurred in very bright sunlight.

Appellant testified that, at the time of the crash, he was traveling from Kerrville to San Antonio. He stated that he could not remember anything of this journey after he reached Comfort. Highway Patrolman Joe Montgomery of the Department of Public Safety testified that the distance from Comfort to the point of impact was approximately fourteen miles. The witness Hohmann testified that he observed the appellant speeding and driving erratically in a northbound direction, that is to say away from San Antonio and toward Kerrville, shortly before the accident. Appellant testified that he had no memory of driving northbound at any time. Neither could appellant remember driving southbound in the northbound lane immediately prior to the crash.

There is a suggestion in the record that appellant may have been drinking prior to the collision. The witnesses Messmann and Daly testified to the distinct odor of alcohol on appellant's breath at the scene of the crash. Appellant, however, steadfastly denied that he had been drinking. A prior conviction for the felony of driving while intoxicated was introduced to impeach him and it was shown that he was on probation from this conviction.

It does not comport with reason that one could drive without being aware of it, in broad daylight, on the wrong side of what the record reveals to have been a flat

stretch of freeway with an unobstructed view of the median and the opposite travel lanes. The fact finder could readily infer, under such circumstances, where the highway median and opposite travel lanes lay to the driver's right, that he was aware of the risk created by his conduct and chose to ignore it. Moreover, by his own admission, appellant claimed to have driven approximately fourteen miles on such highway with no memory of having done so. The jury might properly reach this conclusion even had appellant attributed his conduct to intoxication arising from the consumption of alcohol, which, as we have noted, he denied.

▪ Voluntary intoxication is no defense to the commission of a crime. V.T.C.A., Penal Code, Section 8.04(a). Accordingly, it cannot negate the existence of an element of an offense. The State alleged an aggravated assault by the reckless causation of serious bodily injury, and so was required to show that appellant was aware of the risk which his conduct created. V.T.C.A., Penal Code, Section 6.03(c). Whether the jury believed that appellant's loss of memory was caused by intoxication, as the State attempted to show, or whether they believed appellant's version of the facts, the jury might properly have found that all elements of the offense were proven.

There was sufficient evidence from which a reasonable jury could have found that appellant's conduct was of the type denounced by our aggravated assault statute, V.T.C.A., Penal Code, Section 22.02. We hold that the evidence was sufficient to sustain the conviction for aggravated assault and overrule appellant's contention to the contrary.

▪ We next consider appellant's point of error which complains of the introduction of photographs of the cars involved in the collision. Appellant contends that these photographs do not accurately portray the facts at the time of the collision, since the photographs were made after the cars had been moved from the scene. The witnesses Daly and Montgomery testified contrary to appellant's contention. The photographs

were admissible. Appellant's contention is without merit.

▪ Lastly, we consider appellant's point of error which complains that he was denied the effective assistance of counsel. The standard for determining the effectiveness of counsel is whether or not such assistance was reasonably effective. This Court will not second-guess through hindsight the strategy of counsel at trial nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. Judging, as we must, the quality of appellant's representation by viewing it in its totality, we cannot say that he was denied the effective assistance of counsel. No error is shown.

The appeals from convictions for injury to a child are dismissed. The judgment of conviction for aggravated assault is affirmed.