In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00076-CR


______________________________




MELVIN L. JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 178th Judicial District Court


Harris County, Texas


Trial Court No. 872931




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



I. Nature of the Case

 Melvin L. Jones appeals his jury conviction of possession of one to four grams of cocaine,
enhanced by two prior felony convictions. He was sentenced to sixty years in the Texas Department
of Criminal Justice-Institutional Division, with no fine assessed. In one point of error, Jones
contends he was denied effective assistance of counsel.II. Factual Background

 On March 25, 2001, Houston Police Department narcotics officers obtained a warrant
authorizing them to arrest Jones and search his residence. On March 28, 2001, after seeing Jones
leave his residence in a pickup truck, officers stopped and arrested him. Jones was placed into a
patrol car. When the arresting officer returned to Jones' truck to close the driver's door and turn off
the ignition, he observed, plainly visible in an open ashtray, a baggie containing what appeared to
be crack cocaine. A laboratory test later confirmed the baggie contained 1.9 grams of crack cocaine. 
Jones was charged, not based on the search and arrest warrant, but with possession of the cocaine
found in the ashtray. At trial, Jones testified the cocaine was not in the ashtray at the time of his
arrest.

III. Discussion

 Jones contends he received ineffective assistance of counsel. Specifically, he bases his claim
on four separate deficiency allegations: (1) that his trial counsel failed to object to testimony
suggesting Jones had been selling drugs from his residence; (2) that his trial counsel failed to object
to the admission of the search and arrest warrant; (3) that his trial counsel opened the door to
prejudicial testimony about the circumstances underlying the probable cause for the arrest warrant;
and (4) that his trial counsel failed to object to the prosecutor's statements, in the form of a question,
that cocaine was found in the residence. Jones insists these deficiencies prejudiced him because,
"but for counsel's errors, there was a reasonable probability that the jury would have acquitted . . .
or deadlocked." 

A. Standard of Review

 The standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v.
State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To meet this burden, an appellant must prove
that his or her attorney's representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial
would have been different. Strickland, 466 U.S. at 688; Tong v. State, 25 S.W.3d 707, 712 (Tex.
Crim. App. 2000). 

 Our review of trial counsel's representation is highly deferential; we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. Under normal circumstances, the record on
direct appeal will not be sufficient to show that counsel's representation was so deficient and so
lacking in tactical or strategic decision making as to overcome the presumption that counsel's
conduct was reasonable and professional. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001). In addressing this reality, the Texas Court of Criminal Appeals recently explained: "[I]n the
majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect
the failings of trial counsel." Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 
Therefore, any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Id. at 813. 

B. Analysis

 Jones complains about the following evidence either being admitted because trial counsel
failed to object or through trial counsel "opening the door": (1) testimony linking him to the sale of
cocaine at his residence; (2) testimony that cocaine was found in his residence; (3) the admission of
the earlier arrest and search warrant; and (4) testimony regarding the probable cause for obtaining
the search warrant. If Jones' trial counsel had objected to this evidence during the State's
case-in-chief, the evidence would likely have been inadmissible. But, once Jones testified during
his case-in-chief, the trial court would not have abused its discretion by admitting the evidence. The
essence of Jones' testimony was that the cocaine was not in his truck at the time of his arrest and that
the arresting officer had planted it. This testimony would have allowed the trial court, without
abusing its discretion, to admit evidence of Jones' extraneous offenses and misconduct. Once Jones
testified and asserted the cocaine was not his but was planted, his knowledge, intent, and opportunity
would be at issue. Therefore, such evidence would not be inherently inadmissible under Tex. R.
Evid. 404(b). We note also that the earlier search and arrest warrant, State's Exhibit 1, admitted
generally without objection, was relatively innocuous, arguably admissible, and not calculated to
cause this conviction, while the supporting affidavit, State's Exhibit 7, containing detailed hearsay,
was admitted outside the jury's presence solely for the purpose of Jones' motion to suppress the
cocaine found in his vehicle. Thus, we do not detect ineffective assistance of counsel relative to
State's Exhibits 1 or 7.

 When reviewing an ineffective assistance of counsel claim, the first question we ask is
whether trial counsel's representation fell below the standard of prevailing professional norms. See
Strickland, 466 U.S. at 688; Tong, 25 S.W.3d at 712. Here, as a matter of trial strategy, Jones' trial
counsel may have determined not to object and unnecessarily bring attention to the complained-of
evidence, knowing the evidence would become admissible after Jones testified. It is not clear from
the record what trial counsel's strategy was, and we will not speculate.

 Ineffective assistance of counsel claims are not built on retrospective speculation; they must
"be firmly founded in the record." That record must itself affirmatively demonstrate the alleged
ineffectiveness. Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). We will not second-guess,
through hindsight, the strategy of counsel at trial, nor will the fact that another attorney might have
pursued a different course support a finding of ineffectiveness. Harner v. State, 997 S.W.2d 695,
704 (Tex. App.-Texarkana 1999, no pet.) (citing Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. 




App. 1979)). Under Strickland, the defendant must prove, by a preponderance of the evidence, that
there is in fact no plausible professional reason for a specific act or omission. From the trial record
before us, one could conclude there were legitimate and professionally sound reasons for counsel's
conduct, or one could speculate that there were not. Either way, without the aid of conjecture and
speculation, the record alone does not rebut the strong presumption of reasonableness under
Strickland. Jones' point of error is overruled. 

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 19, 2003

Date Decided: March 7, 2003


Do Not Publish