In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00258-CR
______________________________


MICHAEL WILLIAM GILBERT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30369-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Michael William Gilbert appeals from his conviction for unauthorized use of a motor vehicle. 
A jury convicted him and assessed punishment at two years' confinement in a state jail facility and
a $10,000.00 fine. 
            Gilbert contends on appeal that he received constitutionally ineffective assistance of counsel. 
His argument is based on his contention that there was considerable confusion about for which
allegedly stolen vehicle he was being prosecuted and that counsel's failure to make this determination
before trial necessarily constituted ineffective assistance of counsel. 
            The complainant, Jeffrey Wieland, testified that, on September 9, 2002, he had given Gilbert
a ride, that he stopped to put gasoline in his car (a Buick Regal), and that, when he came out of the
store after paying, the vehicle was gone. The complainant testified he had met Gilbert about two to
two and one-half years earlier, and admitted he was intoxicated at the time his car went missing. 
There is testimony about another person Wieland picked up along with Gilbert, but Wieland testified
categorically that this person went into the store with him and that Gilbert was in the car alone.



            The confusion, according to Gilbert, is based on a coincidental identity of names. He states
he had been arrested two years earlier for taking a Dodge Charger without the permission of David
Wieland, but that he had not gone to trial on that charge. It appears that the father of David Wieland
(who actually owned the vehicle) had dropped the charges. In this case, Gilbert was indicted for
stealing a vehicle belonging to Jeffrey Wieland. It appears that the two complainants are not related. 
Although the indictment sets out the name of the complainant, Jeffrey Wieland, it does not specify
the type of vehicle involved. 
            None of this confusion was evident at the trial. The information set out above was elicited
at a hearing on his motion for new trial. At that hearing, Gilbert testified that he believed he was
being prosecuted for theft of the vehicle belonging to David Wieland. He testified that he realized
about five minutes before trial began that he was being tried for a different incident, that involving
the theft of the Buick Regal belonging to Jeffrey Wieland on September 9, 2002, and that he had an
alibi for that date—he was in Oklahoma City at the Oklahoma State Fair. He takes the position that
his counsel was ineffective because he failed to sufficiently investigate the allegations, thus
preparing for trial on the wrong incident, or alternatively for not asking for a continuance so he could
investigate and prepare a defense for the correct charge.
            Trial counsel testified that Gilbert's account of the surprise just before trial was correct and
that he had attempted to subpoena David Wieland to show that the use of the Dodge Charger was
by permission. This would have been a useless act, because David Wieland was not connected with
the incident at bar involving a Buick Regal. Counsel testified that he and Gilbert had discussed both
vehicles. Counsel also testified that Gilbert's testimony at the hearing was the first he had heard of
any claim that Gilbert was in Oklahoma City on September 9, 2002. Counsel also stated that he
believed the vehicle was specified in the indictment, so they had obviously discussed the Buick.


 
            Trial counsel stated he had based his defense on the complainant's severe intoxication at the
time of the incident and his resulting confusion about the events. The complainant admitted being
intoxicated with both alcohol and marihuana at the time the Buick was taken. 
            The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on this claim, an appellant must prove by
a preponderance of the evidence (1) that his counsel's representation fell below an objective standard
of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland, 466 U.S.
668; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the
appellant must prove that his or her attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for the attorney's deficiency,
the result of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). Under this standard, a claimant must prove that counsel's representation so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having produced
a just result. Strickland, 466 U.S. at 686. 
            Our review of counsel's representation is highly deferential; we indulge a strong presumption
that counsel's conduct falls within a wide range of reasonable representation. Id. at 689; Tong, 25
S.W.3d at 712. This Court will not second-guess through hindsight the strategy of counsel at trial,
nor will the fact that another attorney might have pursued a different course support a finding of
ineffectiveness. Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney,
including Gilbert's counsel on appeal, might have pursued a different course of action does not
necessarily indicate ineffective assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex.
App.—Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
            In this case, counsel admits he prepared to defend against the wrong prosecution. This
necessarily shows that counsel did not make even a minimal investigation into the correct charge
against Gilbert. As pointed out by appellate counsel, the United States Supreme Court recently
reiterated that, in order to perform adequately at trial, counsel must conduct a diligent pretrial
investigation. Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527 (2003). It is obvious that no such
investigation could have occurred in this case, by counsel's own admission of the sequence of events
that occurred. Further, on discovering the mistake, counsel did not attempt to obtain a continuance. 
This is error falling below the requisite professional norm.
            We thus move to the second prong of Strickland, to determine whether the representation was
such as to create a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different. As defined above, that means a probability sufficient to
undermine confidence in the outcome. Wiggins, 123 S.Ct. at 2542. 
            In this case, counsel did not investigate the correct charge, familiarize himself with the facts,
or interview the complaining witness. At the motion for new trial, Gilbert stated that he was out of
town September 9, 2002, and that he could provide an alibi for that date. The State correctly states
that this information was necessarily known by Gilbert at the time of the original trial and that he
stood mute—and that counsel stated at the hearing on the motion for new trial that the first time he
had heard of the alibi was on the day of the hearing. 
            This is a situation where counsel prepared for the wrong case. The fact that he regrouped
sufficiently to cross-examine the State's witnesses is not enough. The fact that Gilbert did not testify
at the trial is not relevant. The problem here is that Gilbert claims he had an alibi, which counsel
suggested might be something that could be supported by evidence other than Gilbert's own
testimony. Under these facts, where absolutely no effective pretrial investigation occurred,
combined with some evidence of a potential alibi defense, and a single intoxicated person to testify
that Gilbert—whom he had met only once two years earlier—was the person who took the car, we
find that our confidence in the outcome of this prosecution is severely undermined. 
            We reverse the judgment and remand the case to the trial court for a new trial.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 8, 2004
Date Decided:             June 9, 2004

Do Not Publish