Affirmed and Opinion filed October 19, 2004









Affirmed
and Opinion filed October 19, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-03-01120-CR 

          14-03-01121-CR

____________

 

ADAM LONGORIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause Nos. 936,955;
936,956

 



 

O P I N I O N

Appellant Adam Longoria brings this appeal
from his conviction of two counts of aggravated sexual assault.  The jury found appellant guilty on both
counts, assessing punishment at fifty years’ imprisonment for each offense.[1]  Appellant presents two issues for appeal:
whether he was denied his constitutional right to effective assistance of
counsel and whether the trial court erred in excluding the testimony of a
defense witness pursuant to Texas Rule of Evidence 614.  We affirm.








Background

In the summer of 2002, appellant resided
in Pearland, Texas with his wife, Nancy Quintero, and her two daughters, aged
ten and twelve.  The daughters had
recently returned to their mother’s home from living in foster care and with
their grandmother while their mother struggled with drug and alcohol
addiction.  Sometime during that summer,
the grandmother of the girls received a phone call from the elder daughter, who
told the grandmother that her stepfather was “touching and feeling” on
her.  The grandmother immediately removed
both girls from the home and took them to Texas Children’s Hospital, where they
were given medical examinations. 
Defendant was arrested and charged with two counts of aggravated sexual
assault of a child.

During the guilt-innocence phase of the
trial, both of the girls testified as to the abuse they received from their
stepfather.  The State also presented
evidence from witnesses, both lay and expert, about the physical and
psychological impact of child sexual abuse, undergoing a pelvic exam, and life
in a foster home.  The jury convicted
Longoria on both counts.  

At the punishment phase of the trial,
appellant attempted to present the testimony of Ms. Sheryl Walker to counter
testimony from appellant’s grown sisters that appellant had sexually abused
them as children.  According to
appellant’s trial counsel, Ms. Walker was to testify about her familiarity with
the appellant’s family and several allegedly inconsistent statements the
appellant’s sisters had made to her.  The
trial court sustained the State’s objection to Ms. Walker’s testimony on the
grounds that she had been present in the courtroom in violation of Texas Rule
of Evidence 614.  

Appellant brings this appeal claiming his
trial counsel was deficient and that the trial court erred in disqualifying Ms.
Walker’s testimony.

 

 








Ineffective Assistance of Counsel

In his first point of error, appellant
contends that he received ineffective assistance of counsel as a result of his
lawyer’s failure to object to the following: allegedly inadmissible hearsay
regarding statements of the complainants; the qualifications of one of the
State’s expert witnesses; testimony regarding the impact on the victims of
sexual assault, pelvic sexual assault exams, and life in foster care; and an
allegedly improper jury argument made by the State.

The Sixth Amendment to the United States
Constitution guarantees the right to reasonably effective assistance of counsel
in criminal prosecutions.  U.S. CONST.
amend.  VI; McMann v. Richardson,
397 U.S. 759, 771 n.14 (1970).  To prove
a claim of ineffective assistance, an appellant must prove, by a preponderance
of the evidence, that his attorney’s representation was deficient in that it
fell below the objective standard of professional norms; furthermore, an
appellant must prove that a reasonable probability exists that, but for the
counsel’s deficiency, the outcome of the trial would have differed.  Strickland v. Washington, 466 U.S. 668, 687‑96, 104 S.Ct.
2052, 2064‑69, 80 L.Ed.2d 674 (1984); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  








Our review of defense counsel’s
representation must be highly deferential, presuming that appellant’s counsel’s
actions fell within the wide range of reasonable and professional
assistance.  Bone, 77 S.W.3d at
833; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Accordingly, to establish deficient
performance, a defendant must not only show that his trial counsel’s
performance fell below an objective standard of reasonableness but also must
rebut the presumption that his trial counsel's decisions were based on sound
trial strategy.  See Strickland,
466 U.S. at 689, 104 S.Ct. 2052.  A
finding of ineffectiveness cannot be supported by second-guessing the strategy
of trial counsel through hindsight or by the fact that another attorney might
have pursued a different course.  Blott
v. State, 588 S.W.2d 588, 592 (Tex. Crim. App.1979).  See also Sessums v. State, 129
S.W.3d 242, 246 (Tex. App.—Texarkana 2004, pet ref’d). 

With regard to appellant’s contentions
concerning his counsel’s failure to object to allegedly inadmissible hearsay
testimony, the qualifications of an expert witness, or allegedly improper jury
argument, we cannot say that the attorney’s inaction fell below an objective
standard of professional norms. 
Evaluating the attorney’s choices made during trial would require us to
second-guess his strategy through hindsight, an exercise which cannot support a
finding of ineffective assistance.  See
Blott, 588 S.W.2d at 592; Sessums, 129 S.W.3d at 246.

Appellant’s allegations regarding his
trial counsel’s failure to object to victim impact testimony, however, require
further examination.  In support of his
argument that testimony regarding the impact of the crime on the victims was
improper, appellant cites Miller-El v. State, 782 S.W.2d 892 (Tex. Crim.
App. 1990).  Although the Court of
Criminal Appeals stated that victim impact testimony did not have “any tendency
to make more or less probable the existence of any fact of consequence at the
guilt stage of trial,” the court went on to hold that victim impact testimony was
admissible as a “‘circumstance of the offense.’”  Id. at 895.  In this case, the testimony regarding the
girls’ behavior and long-term prognosis would have a tendency to make more or
less probable a fact of consequence at the guilt stage; that is, whether appellant
committed the crimes at all.  Since
victim impact testimony would have been admissible in this case, we cannot say,
therefore, that appellant’s trial counsel’s failure to object to the testimony
fell below the objective standard of professional norms.  

Appellant thus fails to meet the first
part of the Strickland test.  His
first point of error is overruled.  

 








Violation
of Rule 614

In his second
point of error, appellant alleges that the trial court abused its discretion
when it disqualified one of his witnesses based on a violation of Texas Rule of
Evidence 614.  Specifically, appellant
maintains that, pursuant to the test laid out by the Court of Criminal Appeals
in Webb v. State, the trial court abused its discretion because no particular
circumstances existed to justify exclusion of witness crucial to his case.  766 S.W.2d 236, 244-45 (Tex. Crim. App.
1989).  We find no abuse of discretion.

Upon invocation by either party or by the
court on its own motion, Texas Rule of Evidence 614  (“the rule”) mandates the exclusion of
witnesses “so they cannot hear the testimony of other witnesses.”  Tex.
R. Evid. 614.  One of the purposes
of the rule is to prevent witnesses from either consciously or subconsciously
tailoring their testimony to that of other witnesses.  Tell v. State, 908 S.W.2d 535, 540
(Tex. App.—Fort Worth 1995, no pet.). 
Before a defense witness is disqualified, the defendant’s constitutional
right to call witnesses on his behalf must be taken into account: specifically,
the defendant has the right to call witnesses and have them testify, and,
generally, witnesses should not be excluded solely for violations of the
rule.  Lopez v. State, 960 S.W.2d
948, 953 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d); Tell, 908
S.W.2d at 541.  According to the two-part
test in Webb, a reviewing court must ask two questions in determining
whether a witness’s disqualification was proper:

(1) if the rule was violated and the witness disqualified,
were there particular circumstances, other than the mere fact of the violation,
which would tend to show the defendant or his counsel consented, procured or
otherwise had knowledge of the witness’s presence in the courtroom, together
with knowledge of the witness’s testimony; and (2) if no particular
circumstances existed to justify disqualification, was the excluded testimony
crucial to the defense.

766 S.W.2d at 244-45.








In this case,  the rule was invoked at the outset of the
trial.  When called to the stand during
the punishment phase of the trial, Sheryl Walker admitted to the court that she
had been present during the guilt-innocence phase.  The following exchange between the court and
Mr. Paull, appellant’s trial counsel, then took place:

The Court:    How did this happen?

Mr. Paull:     I screwed up.  I – we were talking earlier during the – as
the verdict was coming in she was telling me some stuff.  I thought she had some interesting stuff to
share with the Court, and I thought she would be a good witness.  I didn’t think it through.  

This exchange reveals that particular
circumstances existed that would tend to show the appellant’s trial counsel had
knowledge of Ms. Walker’s presence in the courtroom and of the content of her
testimony.  Appellant therefore fails to
meet the first prong of the Webb test and, as a result, we need not
apply the second prong of Webb. 
Appellant’s second point of error is therefore overruled.

We affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Opinion filed October 19, 2004.

Panel consists of Chief Justice Hedges and Justices Edelman
and Seymore.

Publish — Tex. R.
App. P. 47.2(b).

 











[1]  The trial
court granted the State’s request to have the sentences cumulated.