In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00084-CR


______________________________




WESLEY SHANE AUSTIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35649-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Wesley Shane Austin, appellant, has filed with this Court a motion to dismiss his appeal. 
The motion is signed by Austin and by his counsel in compliance with the rules. See Tex. R. App.
P. 42.2(a). As authorized by Rule 42.2, we grant the motion.

 Accordingly, we dismiss the appeal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 13, 2008 

Date Decided: May 14, 2008


Do Not Publish






se" DefUnhideWhenUsed="true"
 DefSemiHidden="true" DefQFormat="false" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00187-CR

                                                ______________________________

 

 

                        MARKEASE DONTRELL MCCARTY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                              Delta County, Texas

                                                             Trial
Court No. 6888

 

                                                             
                                     

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Markease
Dontrell McCarty pled guilty to three counts[1]
of aggravated sexual assault of a child and was placed on deferred adjudication
community supervision.  Shortly
thereafter, the State moved to proceed with adjudication of guilt, arguing that
McCarty violated the following conditions of his community supervision by
failing to:  avoid persons or places of
disreputable or harmful character such as Kevin Ty Lewis, currently being
charged with a crime; report in person not less than once per month; actively
seek, obtain, and maintain employment; pay a sex offender supervisory fee,
assessed fines, and other costs in accordance with the courts order; perform
community service work in accordance with the courts order; to keep the court
key at all times and present it to the CSO when reporting; and by leaving his
county of residence without written permission from his community supervision
officer.[2]   After testimony from several community
supervision officers verifying the States allegations, the trial judge found
McCarty had violated them, adjudicated him guilty of all counts of aggravated
sexual assault and, after a separate punishment hearing, sentenced him to life
imprisonment.    

            McCarty
appeals the trial courts judgment on the basis that it failed to remove Lewis,
a potential witness, from the courtroom when it invoked the rule.  McCarty also alleges that his counsel
rendered ineffective assistance for failing to present any evidence in his
favor.  We will affirm the courts
judgment. 

I.         Failure to Remove A Non-Witness from the
Courtroom Was Not Error 

 

            The
punishment hearing was conducted three days after the adjudication
hearing.  At the punishment hearing, the Rule
was invoked.  Tex. R. Evid. 614.  The trial court swore in the witnesses,
instructed them to remain outside the courtroom, and not discuss their
testimony with other witnesses. 

            Several
other criminal cases were set for that day, and the prisoners involved were
seated in the courtroom waiting for their hearing; one of the prisoners in the
courtroom was Lewis.   After the State
had rested, a witness testifying in McCartys favor acknowledged Lewis
presence in the courtroom.  Counsel
objected to Lewis presence, asked that he be removed because I feel like its
an intimidation, and stated, I have had interviews with clients that are
deathly afraid of this man.  Contrary to
McCartys assertion, the record does not reflect that Lewis was ever identified
as a witness or a potential witness in his case.  Further, the issue presented to the trial
court is not the same argument as on appeal.  
McCarty requested Lewis be removed because he might intimidate other
witnesses, not that Rule 614 had been violated. 
We find McCartys first contention to be without merit.  It is overruled.  

 




 

II.       McCarty Cannot Meet His Burden to
Demonstrate Counsel Was Ineffective

 

            McCarty also
argues that counsel was ineffective for failing to call any witnesses or
present any evidence in his favor during the guilt/innocence phase.  We begin our analysis with the rule that any
allegation of ineffectiveness of counsel must be firmly founded in the
record.   Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); Wallace v. State,
75 S.W.3d 576, 589 (Tex. App.Texarkana 2002), affd, 106 S.W.3d 103 (Tex. Crim. App. 2003).  From the record received by this Court, which
does not include counsels reasons for the alleged failure to present evidence,
McCarty bears the burden of proving that counsel was ineffective by a
preponderance of the evidence. Goodspeed,
187 S.W.3d at 392; Thompson, 9 S.W.3d
at 813; Cannon v. State, 668 S.W.2d
401, 403 (Tex. Crim. App. 1984). 

            We apply the
two-pronged Strickland test handed
down by the United States Supreme Court to determine whether McCarty received
ineffective assistance of counsel.  See Strickland v. Washington, 466 U.S.
668 (1984).  Failure to satisfy either
prong of the Strickland test is
fatal.  Ex parte Martinez, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App.
2006).  Thus, we need not examine both Strickland prongs if one cannot be met.  Strickland,
466 U.S. at 697.

            First,
McCarty must show that counsels performance fell below an objective standard
of reasonableness in light of prevailing professional norms.  Id.
at 68788.  There is a strong presumption
that counsels conduct fell within the wide range of reasonable professional
assistance and that the challenged action could be considered sound trial
strategy.  Id. at 689; Ex parte
White, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Therefore, we will not second-guess the
strategy of McCartys counsel at trial through hindsight.  Blott
v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v. State, 161 S.W.3d 142, 152 (Tex. App.Texarkana 2005, pet.
refd).  

            When the claim
of ineffective assistance is based on counsels failure to call witnesses, the
appellant must show that such witnesses were available to testify and that
appellant would have benefitted from their testimony.  White,
160 S.W.3d at 52 (citing King v. State,
649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). 
In this case, since the record is silent as to why counsel failed to
call any witnesses or present any evidence in McCartys favor, we assume it was
due to any strategic motivation that can be imagined, including the possibility
that no favorable evidence could be presented.  Mata v.
State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001); Fox v. State, 175 S.W.3d 475, 48586
(Tex. App.Texarkana 2005, pet. refd).  

            The
second Strickland prejudice prong
requires a showing that but for counsels unprofessional error, there is a
reasonable probability that the result of the proceeding would have been
different.  Strickland, 466 U.S. at 68788.  
McCarty addresses this issue with a single conclusory statement that [b]y
not presenting any evidence, counsels representation so undermined the proper
functioning of the adversarial process that the trial cannot be relied on
having produced a just result.  Because
McCarty fails to demonstrate the existence of favorable evidence which would
rebut each condition of community supervision allegedly violated, he cannot
meet his burden to prove the second Strickland
prong.  

III.      Conclusion 

 

            We affirm
the trial courts judgment.  

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          September
28, 2010    

Date Decided:             September
29, 2010

 

Do Not Publish           











[1]In
a single brief alleging the same points of error, McCarty appeals from three
convictions for aggravated sexual assault of a child, cause numbers
06-09-00187-CR through 06-09-00189-CR.  

 





[2]The
State abandoned allegations that McCarty failed to register as a sex offender,
delivered cocaine to certain persons, was found with an automatic weapon, and
failed to provide notice of change of address. 
The trial court did not find that McCarty failed to pay a community
supervision fee.