

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00187-CR

_____

MARKEASE DONTRELL MCCARTY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Delta County, Texas
Trial Court No. 6888

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Markease Dontrell McCarty pled guilty to three counts[1] of aggravated sexual assault of a child and was placed on deferred adjudication community supervision. Shortly thereafter, the State moved to proceed with adjudication of guilt, arguing that McCarty violated the following conditions of his community supervision by failing to: avoid persons or places of disreputable or harmful character such as Kevin Ty Lewis, currently being charged with a crime; report in person not less than once per month; actively seek, obtain, and maintain employment; pay a sex offender supervisory fee, assessed fines, and other costs in accordance with the court's order; perform community service work in accordance with the court's order; "to keep the court key at all times and present it to the CSO when reporting"; and by leaving his county of residence without written permission from his community supervision officer.[2] After testimony from several community supervision officers verifying the State's allegations, the trial judge found McCarty had violated them, adjudicated him guilty of all counts of aggravated sexual assault and, after a separate punishment hearing, sentenced him to life imprisonment.

McCarty appeals the trial court's judgment on the basis that it failed to remove Lewis, a potential witness, from the courtroom when it invoked the rule. McCarty also alleges that his

---

[1]In a single brief alleging the same points of error, McCarty appeals from three convictions for aggravated sexual assault of a child, cause numbers 06-09-00187-CR through 06-09-00189-CR.

[2]The State abandoned allegations that McCarty failed to register as a sex offender, delivered cocaine to certain persons, was found with an automatic weapon, and failed to provide notice of change of address. The trial court did not find that McCarty failed to pay a community supervision fee.

counsel rendered ineffective assistance for failing to present any evidence in his favor. We will affirm the court's judgment.

**I.     Failure to Remove A Non-Witness from the Courtroom Was Not Error**

The punishment hearing was conducted three days after the adjudication hearing. At the punishment hearing, the "Rule" was invoked. TEX. R. EVID. 614. The trial court swore in the witnesses, instructed them to remain outside the courtroom, and not discuss their testimony with other witnesses.

Several other criminal cases were set for that day, and the prisoners involved were seated in the courtroom waiting for their hearing; one of the prisoners in the courtroom was Lewis. After the State had rested, a witness testifying in McCarty's favor acknowledged Lewis' presence in the courtroom. Counsel objected to Lewis' presence, asked that he be removed "because I feel like it's an intimidation," and stated, "I have had interviews with clients that are deathly afraid of this man." Contrary to McCarty's assertion, the record does not reflect that Lewis was ever identified as a witness or a potential witness in his case. Further, the issue presented to the trial court is not the same argument as on appeal. McCarty requested Lewis be removed because he might intimidate other witnesses, not that Rule 614 had been violated. We find McCarty's first contention to be without merit. It is overruled.

3

**II.    McCarty Cannot Meet His Burden to Demonstrate Counsel Was Ineffective**

McCarty also argues that counsel was ineffective for failing to call any witnesses or present any evidence in his favor during the guilt/innocence phase.   We begin our analysis with the rule that any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003).   From the record received by this Court, which does not include counsel's reasons for the alleged failure to present evidence, McCarty bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether McCarty received ineffective assistance of counsel.   *See Strickland v. Washington*, 466 U.S. 668 (1984).   Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).   Thus, we need not examine both *Strickland* prongs if one cannot be met.   *Strickland*, 466 U.S. at 697.

First, McCarty must show that counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms.   *Id*. at 687–88.   There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional

4

assistance and that the challenged action could be considered sound trial strategy. *Id*. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second-guess the strategy of McCarty's counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

When the claim of ineffective assistance is based on counsel's failure to call witnesses, the appellant must show that such witnesses were available to testify and that appellant would have benefitted from their testimony. *White*, 160 S.W.3d at 52 (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). In this case, since the record is silent as to why counsel failed to call any witnesses or present any evidence in McCarty's favor, we assume it was due to any strategic motivation that can be imagined, including the possibility that no favorable evidence could be presented. *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001); *Fox v. State*, 175 S.W.3d 475, 485–86 (Tex. App.—Texarkana 2005, pet. ref'd).

The second *Strickland* prejudice prong requires a showing that but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. McCarty addresses this issue with a single conclusory statement that "[b]y not presenting any evidence, counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on

having produced a just result." Because McCarty fails to demonstrate the existence of favorable evidence which would rebut each condition of community supervision allegedly violated, he cannot meet his burden to prove the second *Strickland* prong.

## III. Conclusion

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted: September 28, 2010
Date Decided: September 29, 2010

Do Not Publish