

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00097-CR

_____

JAMES EARL LEMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 25950

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Darryl Cox's wife, Karen, had been engaged in a clandestine extramarital affair with James Earl Lemons for over a year. Darryl was awakened one night by the vicious barking of the family dog, so, carrying a flashlight and his pistol, he went to investigate the cause of the dog's excitement. Darryl claimed that he saw Lemons and instructed him to get on the ground and wait while Karen summoned the police by telephone. Darryl testified that rather than complying with his demand, Lemons shot him; Darryl returned fire, shooting Lemons as he retreated.

Lemons took the stand to deny Darryl's claim. He claimed that at the time of the shooting, he was at his mother's house, not at Darryl's. He testified that Karen had called him on the telephone after the incident, asked if he was okay, and said, "Darryl's been shot and he says he shot you." Lemons denied any knowledge of the incident, but passed along the information during trial that Karen had yet another boyfriend named James Rodriguez.

Despite his protestations of innocence, Lemons was convicted by a jury of aggravated assault with a deadly weapon and was sentenced to seventeen years' imprisonment. He argues that he received ineffective assistance of counsel in this battle of credibility between himself and Darryl. Because Lemons' counsel introduced inadmissible prior felony convictions during Lemons' direct examination, we agree with Lemons. Because of that ineffective assistance of counsel, we find it necessary to reverse the conviction and remand to the trial court.

## I.      Standard of Review

We begin our analysis by noting the rule that any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). From the record received by this Court, Lemons bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). We find Lemons has met this burden.

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Lemons received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). Thus, we need not examine both *Strickland* prongs if either one cannot be met. *Strickland*, 466 U.S. at 697.

First, it is Lemons' burden to show that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms. *Id.* at 687–88. Lemons must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id.* at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25

3

S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second-guess the strategy of Lemons' counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

The second *Strickland* prejudice prong requires a showing that but for counsel's unprofessional error, there is a reasonable probability that the result or outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88.

## II. Lemons Received Ineffective Assistance of Counsel

Rule 609(b) of the Texas Rules of Evidence states that evidence of a prior felony conviction or conviction of a crime of moral turpitude may not be used for the purpose of attacking the credibility of a witness

> if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

TEX. R. EVID. 609(b). During pretrial hearings (where the trial court granted Lemons' motion in limine with regard to "all extraneous crime or misconduct evidence" not alleged in the information[1]) Lemons' counsel acknowledged his awareness that Lemons had "not been convicted of any felony . . . in over 20 years." Nevertheless, he elicited testimony during the guilt/innocence phase of the trial that Lemons had previously committed the following felonies: delivery of a controlled substance; theft of property, $200.00 or more but less than $10,000.00; and burglary of

---

[1]No prior felonies were listed in the State's indictment.

4

a building, all sentenced on December 3, 1981. Lemons received concurrent seven-year sentences of incarceration for these offenses, starting from October 5, 1981. The State gave counsel notice that it planned to use these prior convictions—not during the guilt/innocence stage of the trial—but for the purpose of using them to enhance the punishment range. It was not until after such testimony was elicited from Lemons that the State introduced the judgments of conviction for each crime without objection from Lemons' counsel.

Eliciting testimony from the defendant as to his own prior convictions during the first phase of a trial can be a matter of sound trial strategy if the prior convictions are admissible. *Martin v. State*, 265 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2007, no pet.). However, if prior convictions are inadmissible,[2] there can be no reasonable trial strategy one can imagine for having introduced them before the jury. *Robertson v. State*, 187 S.W.3d 475, 485–86 (Tex. Crim. App. 2006); *Martin*, 265 S.W.3d at 443; *Rodriguez v. State*, 129 S.W.3d 551, 558–59 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) ("If the remote convictions were inadmissible under Rule 609(b), then appellant's trial counsel could have had no reasonable trial strategy for failing to

---

[2]The State argues the prior convictions could have been introduced under Rule 404(b) of the Texas Rules of Evidence, which states:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b). The State gave no such notice, and the State's brief does not elaborate as to how the prior 1981 possession, theft, and burglary convictions would meet the requirements for admissibility for "another purpose."

object to the admission of these convictions . . . ."); *Stone v. State*, 17 S.W.3d 348, 352 (Tex. App.—Corpus Christi 2000, pet. ref'd) (Where prior conviction was too remote to be used to impeach defendant's credibility, "nothing trial counsel could say would make this court believe that it was sound trial strategy to offer the prior conviction under the circumstances here.").[3]

Here, because the record does not indicate that the State sought to introduce Lemons' prior convictions during the guilt/innocence phase of the trial (and would have been prohibited from doing so upon proper objection), we see no possible benefit to have been gained by Lemons' counsel "fronting" this issue to the jury at this stage of the trial.

The only testimony that Lemons shot Darryl arose solely from Darryl himself. There were no other witnesses. Therefore, this case involved a swearing match between Darryl and Lemons, and the facts of the case made the credibility of each a central issue. During cross-examination, Darryl admitted that he had initially identified James Downs as a perpetrator, but then turned his attention to Lemons after Downs was ruled out as a suspect. Officer Jeff Haines testified that Darryl was adamant about his identification of Downs as the perpetrator, and

---

[3]The State claims *Ellis* is similar to this case. Ellis was a passenger in a vehicle driven by Davis. *Ex parte Ellis*, 233 S.W.3d 324, 325 (Tex. Crim. App. 2007). Officers pulled Davis over and located cocaine. *Id.* at 326. Defense counsel introduced an inadmissible police report for the purpose of demonstrating that Davis had a prior drug conviction, while Ellis did not, and to impeach Davis' credibility. *Id.* at 326, 329. *Id.* A full record as to counsel's reasoning in employing the police report was developed. The State used the report, which stated, "Ellis advised me that he was on parole for a robbery, but a criminal history check from dispatch showed only a murder charge." *Id.* at 326. In that case, while risky and undesirable, the Texas Court of Criminal Appeals could not say "no reasonable trial attorney would pursue" the strategy employed by defense counsel in allowing admission of the hearsay police report. *Id.* at 331. While the report in *Ellis* was used to impeach the credibility of the accomplice, in this case, no such purpose could be served by introducing otherwise inadmissible prior convictions. We also note *Ellis* did not address Rule 609.

that in an incident prior to the shooting, Darryl had previously reported to police that Downs was a

"suspicious person." Later, Darryl identified Lemons in a photographic lineup. This initial

erroneous identification of another person as the perpetrator would almost certainly have cast

some doubt on Darryl's credibility in later identifying Lemons. Based on the facts in this case, we

find that there is a reasonable probability[4] that but for counsel's deficient performance, the result

of the trial would have been different. *See Stone*, 17 S.W.3d at 353. We find that Lemons has

met the first *Strickland* prong to demonstrate counsel's performance fell below an objective

standard of reasonableness in light of prevailing professional norms.

## III.    Conclusion

We reverse the judgment and remand to the trial court for proceedings consistent with this

opinion.



Bailey C. Moseley
Justice

Date Submitted:     February 14, 2011
Date Decided:       February 16, 2011

Do Not Publish

---

[4]"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ellis*, 233 S.W.3d at 330–31.

7